# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
May 6, 2014 Session

## THOMAS FLEMING MABRY v. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

### Direct Appeal from the Chancery Court for Knox County
#### No. 183743I     Don R. Ash, Judge

---

### No. E2013-01549-SC-R3-BP - Filed December 30, 2014

---

A hearing panel of the Board of Professional Responsibility determined that an attorney failed to act diligently in his representation of a client and suspended the attorney from the practice of law for forty-five days. The trial court affirmed the suspension. After careful consideration, we affirm the judgment of the trial court.

### Appeal Pursuant to Tenn. Sup.Ct. R. 9, § 1.3; Judgment of the Chancery Court Affirmed

SHARON G. LEE, C.J., delivered the opinion of the Court, in which JANICE M. HOLDER, CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

David A. Lufkin, Sr., Knoxville, Tennessee, for the appellant, Thomas Fleming Mabry.

Krisann Hodges, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility of the Supreme Court of Tennessee.

### OPINION

### I.

Thomas Fleming Mabry, an attorney primarily practicing in Knox County, has been licensed to practice law in Tennessee since 1980. On June 22, 2011, the Board of Professional Responsibility ("the Board") filed a petition for discipline against Mr. Mabry based on three complaints of misconduct. A hearing panel ("the Panel"), appointed by the Board pursuant to Tenn. Sup.Ct. R. 9, section 8.2, heard evidence on the Board's petition for

discipline on July 18, 2012.[1]  The Panel found that Mr. Mabry violated Tenn. Sup.Ct. R. 8, RPC 1.3[2] and RPC 8.4(a)[3] by his failure to act diligently during his representation of Velda Shore in a civil conspiracy lawsuit against Robert Goddard and Roger Fields.  The Panel also found that the Board failed to prove any of the other violations alleged in its petition.  After considering aggravating and mitigating factors, the Panel decided that Mr. Mabry should be suspended from the practice of law for a period of forty-five days.  Both Mr. Mabry and the Board appealed to the Knox County Chancery Court, which affirmed the Panel's findings and recommendations.  Mr. Mabry appeals the trial court's decision.

## II.

The Supreme Court of Tennessee is the source of authority of the Board of Professional Responsibility and all its functions.  *Brown v. Bd. of Prof'l Responsibility*, 29 S.W.3d 445, 449 (Tenn. 2000).  As a part of our duty to regulate the practice of law, we bear ultimate responsibility for enforcing the rules governing our profession.  *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 470 (Tenn. 2003).  We review judgments under our "inherent power and essential and fundamental right to administer the rules pertaining to the licensing of attorneys."  *Skouteris v. Bd. of Prof'l Responsibility*, 430 S.W.3d 359, 362 (Tenn. 2014) (alterations in original) (quoting *Hughes v. Bd. of Prof'l Responsibility*, 259 S.W.3d 631, 640 (Tenn. 2008)).

When reviewing a hearing panel's judgment, a trial court must consider the transcript of the evidence before the hearing panel and its findings and judgment. Tenn. Sup.Ct. R. 9, § 1.3.  On questions of fact, the trial court does not substitute its judgment for that of the hearing panel as to the weight of the evidence. *See Bd. of Prof'l Responsibility v. Allison*, 284 S.W.3d 316, 323 (Tenn. 2009).  Any modification to a hearing panel's decision must be based on one of the enumerated factors included in Tenn. Sup.Ct. R. 9, section 1.3. *See Bd. of Prof'l Responsibility v. Love*, 256 S.W.3d 644, 652 (Tenn. 2008).  Under section 1.3, a trial court

---

[1] This Court adopted substantial changes to the Rules of Professional Conduct under Tenn. Sup.Ct. R. 8, effective January 1, 2011.  Because the underlying conduct in this case occurred prior to January 1, 2011, it is governed by the version of Tenn. Sup.Ct. R. 8 that was in effect before the 2011 revisions.  This Court also adopted substantial changes to Tenn. Sup.Ct. R. 9, effective January 1, 2014, but because this case was initiated before January 1, 2014, it is governed by the pre-2014 version of Tenn. Sup.Ct. R. 9.  We note, however, that the relevant provisions of the pre-2014 version of Rule 9 do not differ from the current version of Rule 9.

[2] Tenn. Sup.Ct. R. 8, RPC 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Tenn. Sup.Ct. R. 8, RPC 8.4(a) provides, in pertinent part: "It is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct. . . ."

has the discretion to reverse or modify a decision of the hearing panel only if the petitioner's rights have been prejudiced by findings, inferences, conclusions, or decisions that are:

> (1) in violation of constitutional or statutory provisions; (2) in excess of the panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (5) unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Sup.Ct. R. 9, § 1.3.

Our standard of review on appeal is the same as that of the trial court. *Skouteris*, 430 S.W.3d at 362 (citing *Hoover v. Bd. of Prof'l Responsibility*, 395 S.W.3d 95, 103 (Tenn. 2012)).

## III.

In 2008, Mr. Mabry filed suit on Ms. Shore's behalf against Maple Lane Farms, LLC in the Chancery Court for Blount County. The lawsuit arose out of a disagreement between Ms. Shore and Maple Lane Farms regarding the use of Maple Lane Farms' property for concerts and other outdoor events. The Chancery Court action sought a declaratory judgment, injunctive relief, and abatement of a nuisance.[4] On August 19, 2008, Mr. Mabry filed a second action on Ms. Shore's behalf in the Circuit Court for Blount County seeking damages against Roger Fields, a Building Commissioner for Blount County, and Robert Goddard, the attorney for Blount County. The complaint alleged the existence of a civil conspiracy, involving Mr. Fields, Mr. Goddard, and Blount County Mayor Jerry Cunningham, to require Ms. Shore, rather than Maple Lane Farms, to appeal a decision by Mr. Fields to the Blount County Board of Zoning Appeals. Mr. Cunningham was not named as a defendant. Within a month after filing this lawsuit, Mr. Mabry, on behalf of Ms. Shore, voluntarily dismissed Mr. Goddard, leaving Mr. Fields as the sole defendant.

On September 19, 2008, Mr. Fields moved to dismiss the complaint for failure to state a claim upon which relief could be sought. He sent Mr. Mabry a proposed motion for sanctions and a safe harbor letter pursuant to Tenn. R. Civ. P. 11. Mr. Mabry took no action. On October 24, 2008, Mr. Fields filed an amended motion seeking dismissal of the suit and Rule 11 sanctions against Mr. Mabry and Ms. Shore. Mr. Mabry did not respond to this motion to dismiss. Meanwhile, Ms. Shore fired Mr. Mabry as her attorney. On December 31, 2008, Mr. Mabry filed a motion to withdraw as Ms. Shore's counsel.

---

[4] *See Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405 (Tenn. 2013) (finding, among other things, that music from outdoor concerts near Ms. Shore's house constituted a prima facie case of nuisance).

-3-

On January 25, 2011, the Blount County Circuit Court heard Mr. Fields' motion to dismiss and to impose sanctions. In a memorandum of law filed with the trial court, Mr. Mabry stated that the civil conspiracy claim against Mr. Fields became moot once Mr. Goddard was dismissed from the case. In an order issued March 4, 2011, the Blount County Circuit Court found that Mr. Mabry had more than ample opportunity—from the time he dismissed the case against Mr. Goddard, his receipt of the safe harbor letter from Mr. Fields, and being terminated by his client—to dismiss and/or correct by amendment the civil conspiracy claim. The Blount County Circuit Court imposed Rule 11 sanctions against Mr. Mabry for attorney's fees in the amount of $5,000.

On June 22, 2011, the Board filed a petition for discipline against Mr. Mabry based on three complaints of misconduct it had received. Ms. Shore and Mr. Cunningham each filed complaints stemming from Ms. Shore's lawsuit against Mr. Fields and Mr. Goddard, while Ginna French, another client of Mr. Mabry's, filed a third, unrelated complaint. With regard to Ms. Shore's case, the disciplinary petition alleged that Mr. Mabry violated RPCs 1.3, 1.4,[5] 1.16,[6] 3.1,[7] and 8.4(a). The petition requested that the Panel "make such findings as it deems

---

[5] Tenn. Sup.Ct. R. 8, RPC 1.4 provides:

> (a) A lawyer shall keep a client reasonably informed about the status of the matter and comply with reasonable requests for information within a reasonable time.
>
> (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[6] Tenn. Sup.Ct. R. 8, RPC 1.16 provides, in pertinent part:

> [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged. . . . A lawyer who is discharged by a client . . . shall, to the extent reasonably practicable, take steps to protect the client's interests. Depending on the circumstances, protecting the client's interests may include . . . cooperating with any successor counsel engaged by the client; . . . promptly surrendering papers and property to which the client is entitled and any work product prepared by the lawyer for the client and for which the lawyer has been compensated; [and] . . . promptly surrendering any other work product prepared by the lawyer for the client, provided, however, that the lawyer may retain such work product to the extent permitted by other law but only if the retention of the work product will not have a materially adverse [e]ffect on the client with respect to the subject matter of the representation . . . .

[7] Tenn. Sup.Ct. R. 8, RPC 3.1 provides, in pertinent part:

(continued...)

-4-

appropriate in imposing the discipline deemed appropriate." Mr. Mabry, representing himself, filed an answer on September 6, 2011. A hearing was set for May 9, 2012. The Board filed its witness and exhibit list on April 27, 2012. On May 2, 2012, the Panel granted the Board a continuance due to an unavailable witness, and the final hearing was reset for July 18, 2012.

On May 2, 2012, Mr. Mabry filed a witness list which included himself, two of his former clients, and Laura McClendon and/or Ted Rice from the Tennessee Lawyers Assistance Program ("TLAP"). On May 9, 2012, a telephonic scheduling conference was held, and Mr. Mabry was given until June 15, 2012, to file his exhibit list. Mr. Mabry filed the exhibit list on June 15 and filed an amended list ten days later.

On July 5, 2012, David A. Lufkin, Sr., filed a notice of appearance as counsel for Mr. Mabry. On July 12, 2012, the Board filed a supplemental witness and exhibit list, and Mr. Mabry, through counsel, filed a motion for a continuance and a request to reopen discovery. Mr. Mabry's motion asserted that two of his potential witnesses, Ms. McClendon and Mr. Rice, did not have timely notice of the hearing due to communication errors. The motion did not detail any attempts by Mr. Mabry or Mr. Lufkin to contact these witnesses, other than stating that Mr. Lufkin "has this date talked and attempted communication with" Ms. McClendon and Mr. Rice. In addition, the motion stated that Mr. Lufkin wanted to file Interrogatories and Requests for Production.

On July 13, 2012, the Board filed its brief and a response to Mr. Mabry's motion for a continuance. The brief detailed the Board's basis for seeking discipline against Mr. Mabry and recommended that his law license be suspended. The Board opposed a continuance of the hearing, noting that on July 12, 2012, Disciplinary Counsel emailed Ms. McClendon to ask if she or Mr. Rice would be at Mr. Mabry's hearing, but discovered that Ms. McClendon was unaware of any hearing. The Board opposed reopening discovery more than three months after the discovery deadline had expired. The Panel denied Mr. Mabry's motion for a continuance, noting that Mr. Mabry had made no attempt to subpoena Ms. McClendon or Mr. Rice and that he failed to offer any evidence that he attempted to contact them about the hearing other than on July 12, 2012. Further, the Panel noted that Mr. Mabry made no assertion that these witnesses had material knowledge relevant to the acts complained of in the petition or that they had personal knowledge of any of the facts alleged. The Panel found that Mr. Mabry had chosen to proceed pro se for more than a year and that Mr. Lufkin's

[7](...continued)

> A lawyer shall not bring or defend or continue with the prosecution or defense of a proceeding, or assert or controvert or continue to assert or controvert an issue therein, unless after reasonable inquiry the lawyer has a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.

appearance less than two weeks before trial was not grounds for a continuance or reopening of discovery.

Two days before the July 18, 2012 hearing, Mr. Mabry filed a motion to strike the Board's brief and its supplemental witness and exhibit list and to dismiss the petition. The motion asserted that the Board's supplemental witness and exhibit list, filed July 12, 2012, was not timely and that the list attempted to serve notice of recent pleadings in *Shore v. Fields*, a case with which Mr. Mabry had not been involved since December 2008. He argued that the Board's petition for discipline was defective because, by failing to state "a demand for judgment for the relief the pleader seeks," the petition did not comport with the requirements of Tenn. R. Civ. P. 8.01. Thus, according to Mr. Mabry, he did not have adequate time to prepare an effective defense. Mr. Mabry also sought to have his case continued. At the beginning of the July 18, 2012 hearing, the Panel denied Mr. Mabry's motion.

At the Panel's hearing on July 18, 2012, Mr. Mabry, Mr. Cunningham, Kevin Wayne Shepherd, and Jean Elizabeth French testified. After considering the testimony of these witnesses, numerous exhibits, and records of Mr. Mabry's prior ethical violations, the Panel issued its decision on August 2, 2012. The Panel found that, with regard to Ms. Shore's case, Mr. Mabry violated RPC 1.3 and RPC 8.4(a) by failing to act with reasonable diligence and promptness in his representation of Ms. Shore following the motion to dismiss and safe harbor letter. The Panel's order stated, "[B]ased on his belief the claim became moot upon the dismissal of defendant Goddard[,] it is incomprehensible why [Mr. Mabry] did not simultaneously dismiss the conspiracy claim upon dismissing . . . Goddard. Instead, [Mr. Mabry] did nothing, causing unnecessary litigation and subjecting his client to the possibility of monetary sanctions." The Panel found that the Board had failed to prove any of the other disciplinary violations alleged in the petition. After considering the relevant aggravating and mitigating factors applicable to Mr. Mabry's case, the Panel determined that a forty-five-day suspension was warranted. The aggravating factors considered were Mr. Mabry's pattern of misconduct, his refusal to acknowledge the wrongful nature of his conduct, his substantial experience in the practice of law, and his seven prior disciplinary offenses. Between 1991 and 2008, Mr. Mabry was disciplined by the Board seven times, receiving two public censures, four private reprimands and informal admonitions, and a suspension for eleven months, twenty-nine days, which he served on probation from July 2008 to May 2009. As to mitigating circumstances, the Panel noted Mr. Mabry's disclosure to the Board, his cooperative attitude, and the Rule 11 monetary sanction of $5,000. The Panel denied Mr. Mabry's subsequent motion to alter or amend and motion to stay the judgment.

Both Mr. Mabry and the Board appealed to the Knox County Chancery Court. On March 15, 2013, the trial court reviewed the transcript from the Panel's hearing and heard

proffered testimony from Mr. Rice and Mr. Mabry. The trial court excluded the testimony of Mr. Rice—that Mr. Mabry had been involved as a TLAP volunteer—finding that the evidence had already been presented during Mr. Mabry's testimony before the Panel. The trial court did not consider the proferred testimony of Mr. Mabry, determining that Mr. Mabry did not qualify as an expert witness and that his testimony would not have been of benefit to the court. Further, the trial court held that the Panel did not abuse its discretion in refusing to grant Mr. Mabry a continuance. The trial court affirmed the Panel's findings of fact and conclusions of law, determining that all were fully supported by the evidence. Mr. Mabry appealed to this Court.

## IV.

Mr. Mabry's brief consists of numbered paragraphs replete with rambling assertions of error by the Panel and the trial court, with little or no supporting citations to authority. We have carefully reviewed all of his allegations and assertions and find that none have merit.

### A. Procedural Claims

Mr. Mabry first argues generally that his disciplinary proceedings violated Tennessee Rules of Civil Procedure 5, 6, 7.01, 8.01, and 59.04 and that these procedural deficiencies violated his Constitutional rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Among his many claims of procedural error, Mr. Mabry asserts that the Board's petition for discipline should have been dismissed because it did not specifically state the punishment sought by the Board. We disagree. Though the Tennessee Rules of Civil Procedure generally apply in attorney disciplinary proceedings, it is only where the Tennessee Supreme Court Rules do not provide otherwise. *See* Tenn. Sup.Ct. R. 9, § 23.3. While Tenn. R. Civ. P. 8.01 requires that a pleading contain a "demand for judgement for the relief the pleader seeks," Tenn. Sup.Ct. R. 9, section 8.2 provides that a formal disciplinary proceeding is commenced by the filing of a petition "which shall be sufficiently clear and specific to inform the respondent of the alleged misconduct." Thus, Tenn. Sup.Ct. R. 9, section 8.2 governs the content requirements for petitions in attorney disciplinary proceedings, not Tenn. R. Civ. P. 8.01. Mr. Mabry's argument is without merit. Because the petition for discipline filed in his case complies with the requirements of Tenn. Sup.Ct. R. 9, section 8.2, the petition was not procedurally deficient.

Next, Mr. Mabry argues that he was prejudiced by the Board's filing of its brief five days before the Panel's hearing and raises a similar objection as to the Board's supplemental witness and exhibit list. However, Mr. Mabry cites no valid authority to support his assertion

of prejudice, and we find no error by the Panel in considering the Board's pre-trial brief or in allowing the supplemental witness and exhibit list. These filings were not only appropriate, but were of assistance to the trier of fact and Mr. Mabry. This issue has no merit.

Mr. Mabry further argues that the Panel erred by denying his request for a continuance filed six days before the scheduled hearing. Whether to grant or deny a motion for a continuance is a matter of discretion, and we will not disturb a ruling on such a motion absent an abuse of that discretion and a showing of prejudice to the party seeking the continuance. *Hoover*, 395 S.W.3d at 103 (citing *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997)). The petition for discipline in this case was filed on June 22, 2011, and Mr. Mabry filed his answer on September 6, 2011. The case was set for hearing on May 9, 2012, and subsequently reset for hearing on July 18, 2012, due to the unavailability of a material witness. On July 12, 2012, Mr. Mabry moved for a continuance on the basis that, due to "communication errors," two of his witnesses, Ms. McClendon and Mr. Rice, had not been notified of the hearing and could not attend. The Panel denied the motion. Mr. Mabry claims the Panel's decision was arbitrary, erroneous, and denied him the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. We find nothing in the record to suggest that the Panel abused its discretion in denying Mr. Mabry a continuance or that he was prejudiced in any way by this decision. Mr. Mabry had ample notice of the hearing date and time to prepare his defense. Further, there is no Sixth Amendment right to effective assistance of counsel in an attorney disciplinary proceeding. *See Welch v. Bd. of Prof'l Responsibility*, 193 S.W.3d 457, 465 (Tenn. 2006) ("[T]here is no . . . constitutional guarantee to effective counsel in a civil case."); *see also Long v. Bd. of Prof'l Responsibility*, 435 S.W.3d 174, 186 (Tenn. 2014) ("Attorney disciplinary proceedings are not criminal proceedings[.]"). Accordingly, we reject this argument as meritless.

Mr. Mabry next asserts that the Panel erred by not indicating in its judgment that it considered probation as a possible sanction. He raised this issue to the Panel in his motion to alter or amend judgment filed August 27, 2012. However, Mr. Mabry has cited no authority that would require the Panel to indicate in its judgment that it considered every possible form of punishment, including probation, and we are aware of no such authority. Again, this issue has no merit.

Mr. Mabry next complains that the Board and the Panel engaged in improper ex parte communications at the July 18, 2012 hearing, in that the Board provided the Panel with a "bound volume," of which Mr. Mabry had "no idea what was contained within." However, the Board notes that this "bound volume" merely contained the official public record of the case and that Mr. Mabry could have accessed any of these documents. Mr. Mabry fails to

explain how or why he is entitled to relief on this issue, and we once again consider it to be without merit.

Finally, Mr. Mabry argues very generally that the alleged procedural deficiencies in his disciplinary process violated his due process rights under the Fifth and Fourteenth Amendments.[8] Attorneys facing disciplinary proceedings are entitled to procedural due process, which includes notice of the alleged misconduct and an opportunity to be heard. *Moncier v. Bd. of Prof'l Responsibility*, 406 S.W.3d 139, 156 (Tenn. 2013). While an attorney in a disciplinary proceeding does not have the same due process rights as the criminally accused, they do have a number of significant procedural rights, such as "the right to be represented by counsel, to cross-examine witnesses called against them, and to present evidence on their own behalf." *Hyman v. Bd. of Prof'l Responsibility*, 437 S.W.3d 435, 445 (Tenn. 2014) (citing Tenn. Sup.Ct. R. 9, § 8.2). Attorneys are also permitted to appeal the judgment of the hearing panel. *See* Tenn. Sup.Ct. R. 9, § 1.3. Mr. Mabry was provided with all of these procedural rights. He was given adequate notice of the disciplinary charges against him, has had the opportunity to be represented by the attorney of his choosing, was able to cross-examine the witnesses the Board called against him, and has been given and has fully utilized his opportunity to respond. As noted above, there were no procedural errors in Mr. Mabry's case. Accordingly, we find that Mr. Mabry has received due process throughout his disciplinary proceedings.

## B. Evidentiary Claims

Mr. Mabry's next general argument is that the trial court erred in excluding his testimony and the testimony of Mr. Rice. During the trial court's evidentiary hearing, Mr. Mabry proffered the testimony of Mr. Rice, which indicated that Mr. Mabry was once monitored by TLAP for substance abuse and that he later mentored other lawyers in the program. Mr. Mabry also attempted to testify as an expert regarding alleged irregularities in his disciplinary proceedings. We reject both of Mr. Mabry's arguments.

The Tennessee Rules of Evidence apply in attorney disciplinary proceedings, "[e]xcept as otherwise provided in [the Supreme Court Rules]." Tenn. Sup.Ct. R. 9, § 23.3. Tenn. Sup.Ct. R. 9 restricts a trial court's review of a hearing panel's judgment to the transcript of the evidence that was before the hearing panel, unless "allegations of irregularities in the procedure before the panel are made." Tenn. Sup.Ct. R. 9, § 1.3. While Mr. Mabry alleged "irregularities," the trial court found that neither his offer of proof nor his own expert testimony would have aided in the trial court's review of the proceedings, and thus neither was appropriate for the trial court to consider. We agree.

---

[8] For this proposition, Mr. Mabry also invokes the Tennessee Constitution and the Magna Carta.

With regard to Mr. Rice's testimony, the trial court found that while Mr. Mabry's experiences with TLAP were laudable, the same evidence had been presented to the Panel through his own testimony. It was, therefore, unnecessary for Mr. Rice or any other TLAP representative to present this testimony to the trial court. In fact, such cumulative evidence would have been beyond the proper scope of the trial court's review, which, as a general matter, is limited to the transcript of evidence that was before the Panel. *Id.* Accordingly, we find that the trial court did not abuse its discretion in excluding Mr. Rice's testimony.

As for Mr. Mabry's qualifications as an expert, he cites to the Preamble to the Rules of Professional Conduct, Tenn. Sup.Ct. R. 8, which states that "[a] lawyer is an expert in law," in arguing that the trial court erred in not allowing him to testify as an expert in the area of his own disciplinary proceedings. However, such a claim is lacking in both merit and common sense. Tennessee Rules of Evidence 702 and 703 govern the admission of expert testimony. *See McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 264-65 (Tenn. 1997). Rule 702 provides: "If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." Tenn. R. Evid. 702. Rule 703 further provides that "[t]he court shall disallow testimony in the form of an opinion or inference if the underlying facts . . . indicate lack of trustworthiness." Tenn. R. Evid. 703. Questions regarding the admissibility, relevancy, and competency of expert testimony are left to the discretion of the trial court, *Hunter v. Ura*, 163 S.W.3d 686, 704 (Tenn. 2005) (citing *McDaniel*, 955 S.W.2d at 263), and the trial court's ruling may only be overturned if that discretion is abused or arbitrarily exercised, *State v. Ballard*, 855 S.W.2d 557, 562 (Tenn. 1993).

The trial court did not act arbitrarily in determining that Mr. Mabry was not qualified as an expert; rather, the trial court had good reason for this decision. Mere personal knowledge about his disciplinary proceedings did not qualify Mr. Mabry as an expert, and though he is technically considered an "expert in law" under Tenn. Sup.Ct. R. 8, his knowledge of the disciplinary process would have hardly "substantially assist[ed]" a trial judge, who is an expert in the law himself. *See* Tenn. R. Evid. 702. Moreover, Mr. Mabry's unmistakable bias as to the validity of his own disciplinary proceedings "indicates a lack of trustworthiness" that provides additional grounds for excluding his opinion testimony. *See* Tenn. R. Evid. 703. Therefore, we find that the trial court did not abuse its discretion in refusing to allow Mr. Mabry to testify as an expert witness.

### C. Arbitrary and Capricious Claim

Mr. Mabry argues that the Panel acted arbitrarily or capriciously in finding that he violated RPC 1.3 and RPC 8.4(a) and in imposing a forty-five-day suspension. We

disagree. "A lawyer shall act with reasonable diligence and promptness in representing a client." Tenn. Sup.Ct. R. 8, RPC 1.3. In particular, a lawyer has a duty to pursue the client's best interests and to take care not to place the client in a vulnerable position or unnecessarily expose the client to sanctions. *See Hanzelik v. Bd. of Prof'l Responsibility*, 380 S.W.3d 669, 680 (Tenn. 2012) (finding that an attorney who allowed a client to be held in contempt of court due to poor communication failed to provide "diligent representation"). Additionally, diligence requires that an attorney make "reasonable efforts to expedite litigation." *Id.*

The Panel was presented with evidence that Mr. Mabry filed a complaint on behalf of Ms. Shore, alleging a civil conspiracy between three Blount County officials—Mr. Goddard, Mr. Fields, and Mr. Cunningham. Within a month after the lawsuit was filed, Mr. Mabry voluntarily dismissed Mr. Goddard from the case, leaving Mr. Fields as the only defendant. Mr. Mabry later expressed that, at this point, the civil conspiracy claim became moot.[9] Mr. Fields notified Mr. Mabry of his intention to seek sanctions if the case were not dismissed, but Mr. Mabry did not respond. Mr. Fields then filed a motion to dismiss and requested that sanctions be imposed against Mr. Mabry and Ms. Shore. Mr. Mabry still did not respond. The Blount County Circuit Court found that Mr. Mabry's conduct warranted a sanction of $5,000 in attorney's fees.

Upon review of these facts, we find that the Panel did not act arbitrarily or capriciously in determining that Mr. Mabry violated RPC 1.3 and RPC 8.4(a). On the contrary, Mr. Mabry's failure to take any action in response to Mr. Fields' safe harbor letter, motion to dismiss, and motion for sanctions was neglectful, unprofessional, and exposed his client to the very real possibility of monetary sanctions. We find there was substantial and material evidence supporting the Panel's findings that Mr. Mabry violated the duty of diligence required of attorneys by RPC 1.3, and in doing so, that he violated RPC 8.4(a).

### D. Appropriate Punishment

The American Bar Association Standards for Imposing Lawyer Sanctions (1986, as amended 1992) ("ABA Standards") provide guidelines for determining the appropriate level

---

[9] Though we acknowledge that a civil conspiracy claim can, under certain circumstances, proceed against only one defendant, the record indicates that this was not Mr. Mabry's intention. In expressing his belief that the civil conspiracy claim became moot once he dismissed Mr. Goddard from the lawsuit, Mr. Mabry indicated that he did not intend to proceed with that claim against Mr. Fields. Since it was unclear whether the civil conspiracy claim was moot, the Panel properly found that Mr. Mabry did not violate RPC 3.1 for maintaining a frivolous claim. However, the Panel found that Mr. Mabry violated his duty of diligence under RPC 1.3 for, among other things, failing to appropriately respond to Mr. Fields' motion to dismiss, safe harbor letter, and motion for sanctions. As the Panel properly noted, the failure to find a violation of RPC 3.1 does not preclude a finding that an attorney has failed to act with the diligence required by RPC 1.3.

of discipline for lawyer misconduct. *Lockett v. Bd. of Prof'l Responsibility*, 380 S.W.3d 19, 25-27 (Tenn. 2012); *see also* Tenn. Sup.Ct. R. 9, § 8.4. The ABA Standards promote the "consideration of all factors relevant to imposing the appropriate level of sanction in an individual case." *Lockett*, 380 S.W.3d at 28 (quoting ABA Standard 1.3). In this case, the trial court considered ABA Standards 4.42, 7.2, and 8.2 to be applicable.

ABA Standard 4.42 states that suspension is generally appropriate for lack of diligence when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client," or "(b) a lawyer engages in a pattern of neglect [and] causes injury or potential injury to a client." ABA Standard 7.2 states that "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system." And ABA Standard 8.2 states that "[s]uspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession."

We find that each of these ABA Standards applies to the facts and circumstances of Mr. Mabry's case. The record reflects that Mr. Mabry has been sanctioned by the Board seven times since 1991. This included an eleven month, twenty-nine-day suspension from the practice of law that he served on probation beginning July 2008. By an Order of Enforcement entered by this Court on July 15, 2008, Mr. Mabry's probation was conditioned upon him, among other things, "not engag[ing] in conduct which violates Tenn. Sup.Ct. R. 8, RPC 1.1, 1.2, 1.3, 1.4, 1.5, 1.15 or 1.16." Less than five months later, Mr. Mabry violated RPC 1.3 by engaging in an unacceptable pattern of neglect, violating his duty to the legal profession, and causing potential injury to his client, the public, the legal system, and the profession.

In light of these facts, we agree with the Panel's finding that suspension is the appropriate sanction. As to the length of the suspension, Tenn. Sup.Ct. R. 9, section 4.2 states: "No suspension shall be ordered for a specific period less than thirty days or in excess of five years." Given Mr. Mabry's conduct and history of professional misconduct, we find that a forty-five-day suspension from the practice of law is not an arbitrary and capricious application of Rule 9 nor the ABA Standards. Mr. Mabry "has not heeded lessons from facing numerous prior disciplinary proceedings and, in fact, continues to repeat the same mistakes." *Sneed v. Bd. of Prof'l Responsibility*, 301 S.W.3d 603, 618 (Tenn. 2010). As such, we find that Mr. Mabry's penalty is supported by substantial and material evidence and that the Panel did not abuse its discretion by imposing it.

## CONCLUSION

For the reasons stated above, the judgment of the Knox County Chancery Court is affirmed. The costs of this appeal are taxed to Thomas Fleming Mabry and his surety, for which execution may issue if necessary.

_____

SHARON G. LEE, CHIEF JUSTICE