FILED
06/12/2024
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 1, 2023

## LORING E. JUSTICE v. BOARD OF PROFESSIONAL RESPONSIBILITY

**Direct Appeal from the Chancery Court for Knox County**
No. 203310-2    Thomas J. Wright, Senior Judge

————————————————————

**No. E2022-01105-SC-R3-BP**

————————————————————

HOLLY KIRBY, C.J., concurring.

I agree with virtually all of the majority's thorough and well-reasoned opinion, with one exception: its determination that ABA Standards 6.21 and 7.1, which identify disbarment as the presumptive sanction, do not apply to this case. As explained below, I would hold that ABA Standards 6.21 and 7.1 apply, and consequently disbarment is the presumptive sanction, because Mr. Justice engaged in the misconduct with intent to obtain personal benefit. I nonetheless concur in the majority's decision to impose a three-year suspension, based on the comparative cases cited in the majority opinion.

Here, the hearing panel found that, in filing motions with the untoward comments detailed in the majority opinion, Mr. Justice intended to interfere with the proceedings in his personal child support and custody litigation, obtain a benefit through securing his desired personal outcome in the proceeding, and deceive the court that would review the matter on appeal. The hearing panel nevertheless applied ABA Standards that identify suspension as the presumptive sanction.

On review, the trial court held that "[w]hen the attorney knowingly violates a court order causing serious injury or potentially serious injury to a party or causing serious or potentially serious interference with a legal proceeding with the intent to obtain a benefit for himself, the presumptive sanction is disbarment under ABA Standard 6.21 rather than suspension under 6.22." Similarly, the trial court held that "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes serious or potentially serious injury to a client, the public, or the legal system with the intent to obtain a benefit for himself, the presumptive discipline is disbarment under ABA Standard 7.1, rather than suspension under 7.2." The trial court held that, because the hearing panel found Mr. Justice's offensive statements were made with intent to obtain a personal benefit, it should have applied ABA Standards that establish disbarment as the presumptive

sanction. Considering the aggravating circumstances, the trial court held that Mr. Justice's sanction should be disbarment.

On appeal to this Court, the Board argues that the hearing panel abused its discretion by failing to apply ABA Standards 6.21 and 7.1 that establish disbarment as the presumptive sanction, based on the hearing panel's finding that Mr. Justice acted with intent to secure a personal benefit.[1] After citing numerous cases involving attorneys acting with intent to gain personal benefit, the majority declines to conclude that ABA Standards 6.21 and 7.1 apply to this case because "[u]nder the circumstances of this particular case," Mr. Justice did not act with intent to secure a personal benefit within the meaning of those ABA Standards. It does not explain its reasoning for this conclusion, except to note that these ABA Standards are not limited to conduct involving financial benefits to the attorney.

Respectfully, I would conclude that the record contains substantial and material evidence to support the hearing panel's factual finding that Mr. Justice intended to interfere with his personal child support and custody proceeding and obtain a benefit by securing his desired personal outcome in the proceeding. Based on this well-supported factual finding, I would affirm the trial court's holding that the hearing panel abused its discretion in not applying ABA Standards that establish disbarment as the presumptive sanction.

Here, the purpose of Mr. Justice's misconduct was to provoke Judge Ash into a reaction that would force an interlocutory appeal or a recusal in Mr. Justice's personal child support and custody litigation. Mr. Justice was not getting the results he wanted from Judge Ash, and he wanted a different judge in hopes of getting the visitation or custody he sought with his child or getting his child support reduced or terminated. Obtaining a desired result in any personal litigation is a personal benefit, and doing so in the context of child support and custody litigation is one of the most personal kinds of benefit there can be. It includes financial benefit, but also other personal benefit as to the parties' child.

Lawyers are obliged to comply with our ethical standards in personal litigation involving their own interests. *See Harris v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 645 S.W.3d 125, 139–40 (Tenn. 2022) (attorney had "selfish motive" for not being truthful in his personal child support proceedings, and hearing panel found disbarment was presumptive sanction). I would hold that ABA Standards 6.21 and 7.1, which identify disbarment as the presumptive sanction, are the applicable Standards in this case based on the hearing panel's finding that Mr. Justice acted with intent to secure a personal benefit.

---

[1] The Board also argues the hearing panel abused its discretion by failing to consider ABA Standard 8.1, based on Mr. Justice's ethical misconduct in a previous case. I agree with the majority that ABA Standard 8.1 does not apply.

"Under the ABA Standards, barring unusual circumstances, once the correct presumptive sanction is determined, that sanction generally applies unless 'aggravating or mitigating factors . . . indicate a greater or lesser sanction is appropriate.'" *Manookian v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 685 S.W.3d 744, 808 (Tenn. 2024) (quoting *In re Sitton*, 618 S.W.3d 288, 299 (Tenn. 2021)). In this case, changing the presumptive sanction to disbarment increases the likelihood that disbarment is the ultimate outcome.

Here, the hearing panel found several aggravating factors and no mitigating factors. In addition, the aggravating factors are quite substantial. One aggravating factor is his refusal to acknowledge the wrongful nature of his conduct; here, Mr. Justice's refusal to acknowledge the wrongful nature of his baseless accusations against a sitting judge is flagrant. Another is prior disciplinary history; Mr. Justice's prior disciplinary history is disbarment. These factors point toward disbarment as the appropriate sanction.

These circumstances would likely lead a hearing panel or trial court to disbar Mr. Justice, as "neither BPR hearing panels nor reviewing trial courts are authorized to base a recommended sanction on a review of sanctions imposed in comparative cases." *Beier v. Bd. of Pro. Resp. of Sup. Ct.*, 610 S.W.3d 425, 436–37 (Tenn. 2020). That is left for this Court to do, as part of its "ultimate responsibility for enforcing the rules governing our profession." *Id.* at 437 (quoting *Mabry v. Bd. of Pro. Resp. of Sup. Ct.*, 458 S.W.3d 900, 903 (Tenn. 2014)).

Even where disbarment is the presumptive sanction, this Court may, after review of comparative cases, determine that a lesser sanction is more appropriate. In *Beier*, for example, from our review of comparative cases as part of the uniformity analysis, the Court observed that "disbarment is typically reserved for cases that involve a pattern of misconduct or even more serious rule violations than those committed by Mr. Beier." *Id.* at 449. The Court concluded that Mr. Beier's misconduct could "fairly be compared" to cases in which a substantial suspension was imposed. *Id.* In light of those cases, the Court imposed a two-year suspension, even though disbarment was a presumptive sanction. *Id.*

In its opinion, the majority engages in a similar review of comparable cases. In discussing them, the majority observes: "In reviewing Tennessee cases that presented similar circumstances, it is evident that the typical punishment is a suspension." It cites cases from other jurisdictions for the same proposition. It concludes: "In sum, after reviewing the facts of Mr. Justice's case in light of other cases presenting similar circumstances, we hold that the three-year suspension imposed by the hearing panel is appropriate."

Even though I would apply ABA Standards that identify disbarment as the presumptive sanction, and even though Mr. Justice has several aggravating factors and no mitigating factors, I agree with the majority's conclusion. As in *Beier*, based on the comparative cases cited by the majority, I agree with the majority's decision to impose a suspension in this case.

In sum, I disagree with the majority's reasoning and conclusion on whether Mr. Justice engaged in the misconduct with intent to secure a personal benefit and with the majority's holding that ABA Standards identifying disbarment as the presumptive sanction do not apply. Nonetheless, based on the comparative cases cited by the majority, I concur in its decision to impose a three-year suspension on Mr. Justice as the sanction for the misconduct in this case. Therefore, I concur in the decision of the majority with slightly different reasoning.

_____
HOLLY KIRBY, CHIEF JUSTICE