IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 6, 2025 Session

## NAQUSHA L. METCALF v. DARNELL WOODARD ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-2876-19      Cedrick D. Wooten, Judge**

_____

**No. W2024-01321-COA-R3-CV**
_____

This appeal arises from a personal injury action following a motor vehicle collision in Shelby County, Tennessee. The trial court granted defendants' motion for summary judgment and dismissed the remaining negligence claim after concluding that plaintiff failed to provide sufficient evidence as to breach of duty and causation. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

VALERIE L. SMITH, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, J.J., joined.

Henrey E. Reaves III and Alisa S. Tate, Memphis, Tennessee, for the appellant, Naqusha L. Metcalf.

Robert A. Cox and Ronna D. Kinsella, Memphis, Tennessee, for the appellees, Darnell Woodard and UPS Ground Freight, Inc.

## OPINION

### I.      FACTUAL BACKGROUND

On December 11, 2018, Appellant Naqusha L. Metcalf ("Metcalf") was involved in an automobile collision in Memphis, Tennessee. Metcalf's vehicle was struck by a UPS Ground Freight tractor-trailer driven by Darnell Woodard (collectively "Appellees") during a left-turn maneuver at the intersection of Brooks Road and Airways Boulevard. At the time of the accident, Woodard was acting as an agent of UPS Ground Freight and was operating a vehicle owned by the company. Metcalf alleges that she sustained injuries to her left shoulder, left knee, and right wrist because of the collision.

On June 28, 2019, Metcalf filed a civil action in the Circuit Court of Shelby County against Appellees seeking compensation for personal injuries and property damage arising from the December 2018 collision. In her complaint, Metcalf asserted claims for general negligence, negligence *per se*, negligent hiring, supervision, and training, and negligent or reckless entrustment.

On September 23, 2019, Appellees served Metcalf with their First Set of Interrogatories and First Set of Requests for Production of Documents. Metcalf provided her responses on November 8, 2019.[1] Among the interrogatories, Appellees asked Metcalf to identify each person she intended to call as an expert witness at trial, state the subject matter of the testimony, and the basis for each expert opinion. Metcalf replied that she was not prepared to identify any expert witnesses, reserving the right to supplement her answers pursuant to Tennessee Rules of Civil Procedure 26, 33, and 34 and within the time period for exchanging expert reports set by the trial court.

After Appellees filed an answer to Metcalf's first set of interrogatories on June 10, 2020, there was no action in the case until April 7, 2021, when an Agreed Scheduling Order was entered. The Agreed Scheduling Order set deadlines for the progression of the case, including discovery and expert disclosures. Under this order, Metcalf's deadline to disclose all expert witnesses was August 30, 2021; her deadline to disclose any rebuttal experts was October 28, 2021; and her deadline for supplemental expert disclosures was December 27, 2021. The order further provided that all other written discovery was to be completed by November 26, 2021. These agreed deadlines passed without incident and without any request for an extension by either party.

On May 2, 2022, Metcalf filed a motion requesting that the trial court set a trial date. However, on July 11, 2022—roughly eleven months after the expiration of the expert disclosure deadline in the Agreed Scheduling Order—Metcalf served Appellees with her first "Designation of Expert Witnesses," identifying for the first time the expert witnesses she intended to call at trial. In response, on August 23, 2022, Appellees filed an omnibus motion in limine seeking to strike Metcalf's expert witness designation and to preclude her from using any treating physician or other person as an expert witness in this matter. Appellees argued that Metcalf's expert designation was untimely and did not comply with the requirements of Tennessee Rule of Civil Procedure 26.

On September 1, 2022, Metcalf filed a pleading titled "Motion for Leave [sic] to Permit Out of Time Evidentiary Medical Depositions," in which she sought additional time to take the depositions of two physicians, Dr. Frederick Azar and Dr. Moacir Schnapp. Shortly thereafter, on September 6, 2022, Appellees filed a motion for summary judgment,

---

[1] Appellees describe Plaintiff/Appellant's responses as "unverified and extremely deficient."

asserting that Metcalf lacked admissible proof of regarding the essential elements of the general negligence, negligence *per se*, negligent hiring, supervision, and training, and negligent or reckless entrustment claims, including any breach of duty or causation linking Appellees' conduct to her injuries.

The trial court held a hearing regarding the "Motion for Leave [sic] to Permit Out of Time Evidentiary Medical Depositions" on September 17, 2022. Following the hearing and over Appellees' objections, the trial court granted Metcalf a limited forty-five-day window in which to take the depositions of Dr. Azar and Dr. Schnapp. The trial court's order neither reopened discovery nor extended any of the other expired pretrial deadlines.

On October 5, 2022, nearly ten months after supplemental discovery closed under the Agreed Scheduling Order, Metcalf served a supplemental response to Appellees' First Set of Interrogatories and Requests for Production. Metcalf did not obtain leave of the trial court prior to this filing. Metcalf therein disclosed that she intended to call Dr. Schnapp and Dr. Azar to testify regarding the reasonableness and necessity of the medical treatment received and related medical expenses. Metcalf then took the deposition of Dr. Schnapp on October 19, 2022, and the deposition of Dr. Azar on October 20, 2022. After the October 2022 depositions, no further activity occurred in the case for several months.

On September 5, 2023, Metcalf filed another motion to set the case for trial. The trial court conducted a hearing on October 27, 2023, to address the outstanding matters, including the Appellees' pending motion for summary judgment. At that hearing, Metcalf's counsel agreed to voluntarily dismiss all of Metcalf's claims except for the general negligence claim. The trial court orally granted Appellees' motion for summary judgment as to all claims citing Metcalf's counsel's previous dismissal as to certain claims and the failure to timely designate the experts as testifying to causation, which was fatal to the remaining general negligence claim. The trial court instructed Appellees' counsel to prepare the order, which was entered on April 15, 2025, and stated that Metcalf's "evidence at this summary judgment stage is insufficient to establish the necessary *prima facie* elements of **breach of duty and causation**." (Emphasis added).

Metcalf filed a motion pursuant to "Rule 59, et al., of the Tennessee Rules of Civil Procedure"[2] to reconsider the trial court's grant of summary judgment on October 27, 2023, asserting that Metcalf's delinquent expert witness designation properly identified Dr. Azur and Dr. Schnapp as testifying to causation.[3] Appellees filed a response in opposition to

---

[2] Metcalf's Motion did not invoke Tennessee Rule of Civil Procedure Rule 59.02, denoting the time for motions, or 59.04, governing a motion to alter or amend a judgment. However, Metcalf's reply brief in support of the motion filed on February 1, 2024 invokes Rule 59.04.

[3] Metcalf's Motion was limited to issues related to proving causation. The motion does not argue error in the trial court's grant of summary judgment based on having not put forth evidence to support a breach of duty by Defendants.

Metcalf's motion to reconsider on January 29, 2024, stating that Metcalf "intentionally and purposefully chose to ignore" the discovery deadlines that were set by the trial court and included in the Agreed Scheduling Order. The trial court held the hearing on February 2, 2024, and denied the motion to reconsider, holding that Metcalf's expert designations were untimely and deficient. Specifically, the trial court noted that Metcalf's initial designation filed in August of 2022 listed Dr. Azar as an expert and asserted that the alleged injuries were the "result of the motor vehicle accident caused by [Appellees'] negligence." However, the supplemental response filed on October 5, 2022, explicitly stated that Dr. Azar and Dr. Schnapp would testify to "the reasonableness and necessity of medical bills and treatment at issue in this case." The court found that "[t]here was no notice to either the [c]ourt or opposing counsel concerning causation." Metcalf filed a timely notice of appeal with this Court on July 31, 2024.

## II. ISSUES

Metcalf presents the following issues on appeal:

1. Whether the trial court abused its discretion when it excluded testimony from Plaintiff's medical experts regarding causation, erroneously finding that they had not been designated.

2. Whether the trial court erred in granting summary judgment on the issue of causation in favor of the Defense, since it based its decision wholly on the erroneous exclusion of Plaintiff's experts and excluded testimony on causation from the treating physician.

3. Whether the trial court abused its discretion by Denying the Plaintiff's Motion to Reconsider, Amend, or Alter Order Granting Defendant's Motion for Summary Judgment.

Appellees raise two additional issues on appeal:

1. Whether summary judgment was properly granted by the trial court where plaintiff conceded to the "dismissal" of her purported negligent hiring, training, supervision, entrustment, and negligence *per se* claims and failed to set forth any admissible evidence, as required by rule 56.03 and 56.06, in response to defendants' properly submitted motion for summary judgment, to establish the requisite *prima facie* elements of <u>breach of duty or causation</u> as to either defendant? (emphasis added).

2. Whether, particularly in light of the plaintiff's admitted and repeated failures to abide by the Tennessee Rules of Civil Procedure and the trial court's orders, and the plaintiff's ongoing failures to comply with the Tennessee Rules of Appellate

Procedure and the show cause orders issued by this court, plaintiff's appeal in this matter is frivolous, so as to justify the imposition of sanctions pursuant to Tennessee Code Annotated section 27-1-122?

## III.   STANDARD OF REVIEW

We review the trial court's grant of summary judgment *de novo*, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). As part of our review, we accept the evidence presented by the nonmoving party, "allow all reasonable inferences in its favor; and resolve any doubts about the existence of a genuine issue of material fact in favor of" the nonmoving party. *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 84 (Tenn. 2008)).

As we review the grant of a motion for summary judgment *de novo* with no presumption of correctness, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.*

*Id.* at 264-65. A trial court shall grant summary judgment if the nonmoving party satisfies their burden by "show[ing] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The

nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 252 (quoting *Matsushita Elec. Indus. Co, v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Thus, this Court focuses on whether the nonmoving party produced sufficient evidence at the summary judgment stage to demonstrate the existence of a genuine issue of material fact—"not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial." *Id.* at 266.

Further, "[q]uestions regarding the admissibility, relevancy, and competency of expert testimony are left to the discretion of the trial court, and the trial court's ruling may only be overturned if that discretion is abused or arbitrarily exercised." *Mabry v. Bd. of Pro. Resp. of Sup. Ct.*, 458 S.W.3d 900, 909 (Tenn. 2014) (internal citations omitted). To determine whether a decision constitutes an abuse of discretion, we review the trial court's decision to ascertain: "(1) whether the factual basis of the decision is supported by sufficient evidence; (2) whether the trial court has correctly identified and properly applied the applicable legal principles; and (3) whether the trial court's decision is within the range of acceptable alternatives." *Gooding v. Gooding*, 477 S.W.3d 774, 780 (Tenn. Ct. App. 2015) (quotation omitted).

## IV. DISCUSSION

### 1. Scope of Review

At the outset, it is necessary to identify the issues properly presented for our review in order to define the scope of our review on appeal. "Scope of review" defines the issues that may be reviewed by an appellate court when an order or judgment has been properly appealed. *Hodge v. Craig*, 382 S.W.3d 325, 333 n.2 (Tenn. 2012) (internal citations omitted). According to Rule 27 of the Tennessee Rules of Appellate Procedure, the appellant's initial brief shall contain "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). The statement of the issues is essential to an appeal as it provides this Court with the questions that we are asked to answer in our review. The statement of the issues is also significant because our "[a]ppellate review is generally limited" to those issues listed. *Hodge*, 382 S.W.3d at 334 (citing Tenn. R. App. P. 13(b)). Indeed, "[c]ourts have consistently held that . . . [a]n issue not included [in the statement of the issues] is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Thus, "appellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009).

The Rules of Appellate Procedure "'do[ ] not contemplate that an appellant may submit one blanket issue as to the correctness of the judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment.'" *State v. Williams*, 914 S.W.2d 940, 948 n.5 (Tenn. Crim. App. 1995) (quoting *Leeson v.*

*Chernau*, 734 S.W.2d 634, 637 (Tenn. Ct. App. 1987)). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). Further, our Supreme Court has stated that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge*, 382 S.W.3d at 335 (citing *ABN AMRO Mortg. Grp., Inc. v. S. Sec. Fed. Credit Union*, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011)). It is not the role of this Court to analyze every ruling by the trial court in case the appellant intended to challenge it on appeal. "[J]udges are not like pigs, hunting for truffles" that may be buried in the record, *Flowers v. Bd. of Pro. Resp.*, 314 S.W.3d 882, 899 n.35 (Tenn. 2010) (citation omitted), or, for that matter, in the parties' briefs on appeal. *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015).

As framed by Metcalf's counsel during oral argument, the trial court based its grant of summary judgment "solely on [the exclusion of expert testimony]."[4] However, the trial court's order addresses more than causation. In relevant part, the April 15, 2025 order states "Defendants have demonstrated that [Metcalf's] evidence at this summary judgment stage is insufficient to establish the necessary *prima facie* elements of breach of duty <u>and</u> causation . . . ." (Emphasis added).

Metcalf's appellate brief fails to address each of the grounds that the trial court relied upon to grant summary judgment. Specifically, Metcalf argued neither in her brief nor during oral argument that she established the requisite *prima facie* elements for a negligence claim—namely, breach of duty <u>and</u> causation. Metcalf failed to comply with Rule 27 as it relates to designating breach of duty as an issue for this Court's review. Even further, Metcalf's brief fails to make any reference to "breach" or "duty." Accordingly, Metcalf waives any argument on appeal that she satisfied the element of breach of duty to support her negligence claim. *See Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000) (noting that a failure to adequately address an issue or provide citations to the record to support any disputed allegations renders the issue waived). Thus, we affirm the trial court's grant of summary judgment as it relates to breach of duty.

2. *Prima Facie* Elements

A negligence claim requires a plaintiff to prove five essential elements:

---

[4] Metcalf's appellate counsel readily admitted during oral argument that in preparation for the hearing she reviewed her client's brief and "some of the documents supporting [the] brief." Counsel went on to say that she did not review the trial court's order granting summary judgment.

1) a duty of care owed by the defendant to the plaintiff; 2) conduct falling below the applicable standard of care amounting to a breach of that duty; 3) an injury or loss; 4) causation in fact; and 5) proximate, or legal, cause. [ ] Once duty and breach of duty have been established, and an injury presented, the plaintiff must establish causation.

*King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (quoting *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). Causation is an essential element of any negligence claim. *Giggers*, 277 S.W.3d at 364. Without a breach of duty on the part of Appellees and causation linking Appellees' conduct to her injuries, Metcalf cannot prevail in a general negligence action.

As discussed above, Metcalf waived any argument that the trial court erred in granting summary judgment based on her failure to establish breach of duty by not raising the issue for this Court's review on appeal. A failure to satisfy one *prima facie* element of negligence renders the claim unviable. *See Howell v. Nelson Gray Enters.*, No. E2019-00033-COA-R3-CV, 2019 WL 4127393, at *6 (Tenn. Ct. App. Aug. 30, 2019) (affirming the trial court's grant of summary judgment because appellees owed no duty of care to appellants and declining to address proximate cause). Accordingly, all other issues related to causation are pretermitted.

3. Sanctions

Appellees assert that this appeal is frivolous and request their costs, expenses, and attorney's fees incurred on appeal. Frivolous appeals are governed by Tennessee Code Annotated section 27-1-122, which provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citing *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). On one hand, section 27-1-122 "must be interpreted and applied strictly so as not to discourage legitimate appeals . . . ." *Davis*, 546 S.W.2d at 586. On the other hand, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *Id.* The decision to award damages under section 27-1-122 rests soundly within the reviewing court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (citing *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006)).

After reviewing the record and conducting oral arguments in this matter, we find that Metcalf's appeal was frivolous to support the imposition of Appellees' costs, expenses, and attorney's fees on appeal. First, Metcalf failed to adhere to the Agreed Scheduling Order for nearly a year. Metcalf's brief does not bear any mention to the Agreed Scheduling Order or attempt to excuse the untimeliness of the designations. Next, Metcalf failed to adequately raise issues on appeal that would result in reversal of summary judgment—there is no mention of "breach" or "duty" in her brief. Finally, at oral arguments in this matter, Metcalf's counsel was "not aware of a scheduling order in this case." Further, counsel conceded that she did not read the trial court's April 2025 order granting summary judgment. Under these circumstances, we find that Appellees are entitled to reasonable fees and costs on appeal, and we remand the case to the trial court to determine the amount of the fee award.

## V.     CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded to determine the amount of the fee award. Costs of this appeal are taxed to Appellant, Naqusha L. Metcalf, for which execution may issue if necessary.


s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE