IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2018

## PEE WEE WISDOM CHILD DEVELOPMENT CENTER INC., ET AL. v. HERBERT H. SLATERY III, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL AND REPORTER FOR THE STATE OF TENNESSEE

**Appeal from the Chancery Court for Shelby County**
**No. CH-02-1540      Jim Kyle, Chancellor**

_____

**No. W2017-02437-COA-R3-CV**

_____

This appeal involves a suspended attorney's attempt to file a petition *pro se* in a case in which he was not a party. The trial court denied the petition *sua sponte*, concluding that the suspended attorney was not a party to the original action, he did not file a petition to intervene, and he was using the *pro se* petition as a subterfuge to circumvent his suspension from the practice of law. The suspended attorney appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and RICHARD H. DINKINS, JJ., joined.

Homer L. Cody, *pro se*.

## MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

This litigation began in 2002, and it originally involved a proceeding to dissolve a

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

nonprofit corporation called Pee Wee Wisdom Child Development Center. *See Pee Wee Wisdom Child Dev. Ctr. v. Cooper*, No. W2010-00484-COA-R10-CV, 2012 WL 456482, at *1 (Tenn. Ct. App. Feb. 14, 2012). Vivian Braxton was the incorporator and executive director of the nonprofit corporation. *Id.* Early in the proceeding, the trial court entered an order appointing a receiver for Pee Wee and requiring Ms. Braxton to turn over all of Pee Wee's assets, books, and records to the receiver, Mr. Robert Dinkelspiel. *Id.* The receiver submitted a report finding that Ms. Braxton essentially operated the nonprofit corporation as a sole proprietorship, misusing corporate credit cards and funds. *Id.* at *2. Ultimately, the trial court entered a judgment against Ms. Braxton for $296,190.50, which she was ordered to pay to the receiver. *Id.*

Over the course of the litigation, the parties appealed to this Court on several occasions. Although the receiver had been appointed for Pee Wee, attorney Homer Cody filed numerous documents and pleadings purportedly on behalf of Ms. Braxton *and* Pee Wee. The receiver filed a motion to disqualify Mr. Cody, which the trial court denied, but this Court granted, finding an apparent conflict in his representation of both parties. Thereafter, this Court dismissed one of the appeals for lack of a final judgment, concluding that the trial court's order was improvidently certified as final. Insisting that our previous order of disqualification was thereby rendered void, Mr. Cody continued to file pleadings on behalf of Ms. Braxton and Pee Wee before the trial court and other courts in matters related to this litigation. Referencing our previous ruling regarding disqualification, the trial court likewise held that Mr. Cody was disqualified from representing Pee Wee or Ms. Braxton in any matter relating to the litigation. And, in the course of a subsequent appeal, this Court entered another order explicitly finding that a conflict existed in Mr. Cody's representation of both parties and directing Mr. Cody to refrain from representing either party before this Court. This Court declined to hold Mr. Cody in contempt but referred the matter to the Tennessee Board of Professional Responsibility.

Despite numerous disciplinary proceedings before the Board, Mr. Cody continued to prepare and/or file pleadings on behalf of Pee Wee and/or Ms. Braxton in the trial court and the federal litigation. Based on his continued representation, Mr. Cody was publicly censured in 2012, and thereafter, he was suspended from the practice of law for 180 days. *See Cody v. Bd. of Prof'l Resp. of Sup. Ct. of Tenn.*, 471 S.W.3d 420, 425-26 (Tenn. 2015). In 2016, he was suspended from the practice of law for one year. In 2017, he was suspended from the practice of law for two years. And in 2018, Mr. Cody was disbarred.

On November 3, 2017, Mr. Cody filed a petition for contempt and for sanctions in the original litigation involving Pee Wee and Ms. Braxton. The petition lists Mr. Cody as a *pro se* petitioner and designates the receiver and various attorneys as respondents. Basically, the petition for contempt alleges that the respondents "willfully disobeyed and disrespected" the authority of the trial court through their participation in the numerous

motions to disqualify and complaints to the Board regarding Mr. Cody.

Days later, the trial court entered an order denying Mr. Cody's petition. The trial court found that Mr. Cody's purported petition for contempt was filed under the case number for the original dissolution proceeding but that Mr. Cody "substitute[d] himself" as the purported petitioner and the respondents were purportedly added as parties. The trial court found that Mr. Cody was counsel of record in the original litigation but that he was never himself a party. The trial court noted that no motion or pleading had been filed seeking leave to intervene, and the court found that Mr. Cody could not achieve the status of a party simply by substituting his name in the style of the case. Moreover, the trial court concluded that Mr. Cody was using this *pro se* petition as a subterfuge to circumvent his suspension from the practice of law. The court found that Mr. Cody attempted to substitute his name as a *pro se* party in "an effort to allow Mr. Cody to continue practicing law under the ruse of being a *pro se* litigant." Citing its authority pursuant to Tennessee Supreme Court Rule 9, section 10.9, which provides that the courts of this state are responsible for ensuring that suspended or disbarred attorneys are not permitted to file pleadings or practice in the courts, the trial court ruled that Mr. Cody would not be permitted to file any documents during his suspension without the prior approval of the court. "To ensure fairness to Mr. Cody," the court explained that it would permit a filing if it first determined that Mr. Cody was filing an acceptable pleading "as a true *pro se* litigant." But, the court warned that it would not accept any pleadings that were simply an attempt to circumvent his suspension from the practice of law.

Mr. Cody timely filed a notice of appeal to this Court.

## II.   ISSUES PRESENTED

Mr. Cody presents seven issues on appeal, which we have slightly restated:

1.     Whether the original matter had been dismissed as the trial court stated in its order;

2.     Whether the suspension was a sufficient ground to deny Appellant access to the court as a *pro se* party;

3.     Whether the trial court had a duty to prosecute the receiver's contempt;

4.     Whether the trial court abused its discretion;

5.     Whether the trial court violated Appellant's constitutional right to due process;

6.     Whether one's status as a suspended attorney takes away basic rights granted by the Constitution to individual citizens; and

7.     Whether the order of suspension is itself a violation of the June 22 order.

For the following reasons, we affirm the decision of the chancery court.

### III.   DISCUSSION

### *A.     The 2010 Dismissal*

The first issue raised by Mr. Cody relates to a statement included in the trial court's order dismissing his *pro se* petition for contempt.  When reciting the facts, the trial court stated that "[t]his case has a long and complex history spanning over fifteen years," as it was originally filed in 2002, but the trial court also said that the matter "was dismissed on January 27, 2010."  On appeal, Mr. Cody argues that the trial court failed to note that the January 27, 2010 dismissal was appealed to this Court and reversed and remanded for further proceedings.  *See Pee Wee Wisdom Child Dev. Ctr. v. Cooper*, No. W2010-00484-COA-R10-CV, 2012 WL 456482 (Tenn. Ct. App. Feb. 14, 2012).

We do not necessarily interpret the trial court's reference to the 2010 dismissal as an incorrect statement.  The case was dismissed on January 27, 2010.  However, that dismissal was later reversed.  The technical record before us begins with Mr. Cody's 2017 petition for contempt, so the present status of the original proceeding is not entirely clear.  In any event, however, the trial court's isolated reference to the 2010 dismissal does not affect the outcome of this appeal.

### *B.     Dismissal of the Pro Se Petition for Contempt*

Next, Mr. Cody argues that the trial court erred in construing his petition for contempt as an attempt to become a party to the action.  Again, the trial court found that Mr. Cody was not an original party and had not attempted to intervene as a party to the original action.  Mr. Cody's argument on appeal is somewhat perplexing.  He argues,

> The Trial Court's rationale fails to take into account that the Pleading presented to be filed is a Petition for contempt.  It is not requesting to become adverse to any party to the action or asking any party to defend the contempt Petition.  Neither is any party listed in the Petition as a respondent or defendant.  It is admitted that Appellant is not a party to the suit, and contrary to the opinion of the Trial Court, makes [no] effort [to] become a party.

Mr. Cody appears to argue that he was entitled to file a *pro se* petition for contempt in the original proceeding without becoming a party to that litigation.  He cites no authority that supports this proposition, and we are not aware of any.  "'It is fundamental that a person

- 4 -

who is not a party of record to a lawsuit has no standing therein which enables him or her to take part in the proceedings.'" *In re Neveah W.*, 525 S.W.3d 223, 250 (Tenn. Ct. App. 2017) (quoting *City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810, at *10 (Tenn. Ct. App. Aug. 16, 2005) *perm. app. denied* (Tenn. Feb. 6, 2006)). Even if Mr. Cody had filed a motion to intervene, which he did not, he would not automatically become a party to an action simply by filing a motion to intervene. *See id.* Without a ruling from the trial court on a motion to intervene, "the person is not a party and has no standing to participate in the proceedings[.]" *Id.* This basis alone provides proper support for the trial court's dismissal of Mr. Cody's *pro se* petition.

### C.    *Abuse of Discretion & Duty to Prosecute Contempt*

We combine our discussion of the next two issues. Mr. Cody argues that the trial court abused its discretion by applying an incorrect legal standard, and he claims that the trial court was "duty bound" and had "no discretion as to whether to hear the contempt Petition." He acknowledges Tennessee Supreme Court Rule 9, section 10.9, which provides, "The courts of this State are charged with the responsibility of insuring that no disbarred, suspended, or inactive attorney be permitted to file any document, paper or pleading or otherwise practice therein." However, Mr. Cody insists that section 10.9 "does not supersede [the trial court's] obligations under [Section 8.2]." Mr. Cody suggests that the trial court had a higher obligation to consider his petition for contempt under Section 8.2. The cited section addresses "Jurisdiction" and reads, in context:

> 8.1. Any attorney admitted to practice law in this State, including any formerly admitted attorney with respect to acts committed prior to surrender of a law license, suspension, disbarment, or transfer to inactive status, or with respect to acts subsequent thereto which amount to the practice of law or constitute a violation of this Rule or of the Rules of Professional Conduct, and any attorney specially admitted by a court of this State for a particular proceeding, is subject to the disciplinary jurisdiction of the Court, the Board, panels, the district committees and hearing panels herein established, and the circuit and chancery courts of this State. Any attorney not admitted or specially admitted to practice law in this State but who engages in the practice of law in this State shall be subject to the imposition of civil remedies and criminal prosecution pursuant to Tenn. Code Ann. § 23-3-103, and Disciplinary Counsel shall refer such attorney to the appropriate authority(ies) for investigation and pursuit of civil remedies and/or criminal prosecution.

> 8.2. *Nothing herein contained shall be construed to deny to any court such powers as are necessary for that court to maintain control over proceedings conducted before it, such as the power of contempt*, nor to prohibit any bar association from censuring, suspending or expelling its

- 5 -

members from membership.

(emphasis added). Section 8.2 does not suggest that a trial court enforcing Section 10.9 must allow a suspended attorney to file pleadings if they pertain to the issue of contempt. We reject Mr. Cody's argument that the trial court had "the duty to prosecute the Receiver's contempt" pursuant to Section 8.2 (or otherwise).

### D. Constitutional Violation

Next, Mr. Cody argues that the trial court entered its order denying his contempt petition "without pleadings, notice or hearing," and because the trial court "acted without pleadings," its decree is void. Again, this argument is somewhat perplexing. Mr. Cody complains that the record "contains no initial pleadings," but he filed his petition for contempt under the docket number of existing litigation. The trial court dismissed his petition for contempt because he was not a party to the litigation. As we explained above, Mr. Cody was not a party of record, so he had no standing to participate in the trial court proceedings as a *pro se* party. *See In re Neveah W.*, 525 S.W.3d at 250.

The trial court also invoked Tennessee Supreme Court Rule 9, section 10.9, which required the trial court to ensure that a suspended attorney was not "permitted *to file* any document, paper or pleading or otherwise practice therein." (emphasis added). Having already been suspended, Mr. Cody was not entitled to a hearing before the trial court determined that he was not permitted to file his petition.

Mr. Cody also argues that his due process rights were violated because the trial court proceeded "as if" a suspended attorney loses his "individual rights also." The trial court made no such ruling. To the contrary, it was careful to hold that Mr. Cody was not permitted to file this particular *pro se* petition because he was not a party to the litigation, and for future filings, the trial court would make a preliminary determination as to whether Mr. Cody was attempting to proceed "as a true *pro se* litigant" or simply "attempt[ing] to circumvent his suspension from the practice of law." The trial court did not suspend Mr. Cody's "individual rights," as he suggests.

### E. The Suspension Orders

Mr. Cody also attempts to raise issues regarding the validity of the orders of suspension. However, such issues are not properly before this Court.

### IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellant, Homer L. Cody, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE