IN THE SUPREME COURT OF TENNESSEE
Assigned on Briefs February 24, 2021

## IN RE LARRY E. PARRISH

**Direct Appeal from the Board of Professional Responsibility Hearing Panel**
**No. 2018-2929-9-AJ-24**

———————————————

**No. W2020-00907-SC-R3-BP**

———————————————

This Court suspended an attorney from practicing law for six months, with one month on active suspension. The discipline resulted from a report of misconduct received by the Tennessee Board of Professional Responsibility in 2013. In 2018, we reinstated the attorney to the practice of law based on his eligibility for reinstatement and his compliance with the order of discipline. Before being reinstated, the attorney agreed to a monthly payment plan to satisfy the Board's assessed costs from the disciplinary case. Soon after he was reinstated, the attorney petitioned the Board to revoke the agreed costs. The attorney argued he did not owe the costs because the Board improperly assessed costs under Tennessee Supreme Court Rule 9 in effect when the 2013 disciplinary proceeding was initiated instead of Rule 9 in effect when he was reinstated. A hearing panel found the Board had properly assessed costs based on Rule 9 in effect when the disciplinary proceeding began. The attorney appealed. We affirm. Based on this Court's Order promulgating revised Rule 9 and our subsequent decisions, the version of Rule 9 that was in effect when the disciplinary case was initiated in 2013 governs the assessment of costs regardless of when this Court reinstated the attorney to the practice of law. Thus, we hold the Board followed the correct procedure in assessing costs. We order the attorney to pay the costs assessed against him within forty-five days of the filing of this opinion. Failure to timely pay the costs may serve as a ground for revocation of the attorney's reinstatement to practice law.

**Tenn. Sup. Ct. R. 9, § 24.3 (2008) (current version at Tenn. Sup. Ct. R. 9, § 31.3)**
**Direct Appeal**
**Decision of the Hearing Panel Affirmed**

SHARON G. LEE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK and ROGER A. PAGE, JJ., joined. HOLLY KIRBY, J., not participating.

Larry E. Parrish, Memphis, Tennessee, Pro Se.

Sandy Garrett and A. Russell Willis, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility.

**OPINION**

**I.**

Effective January 1, 2014, this Court adopted extensive revisions to Tennessee Supreme Court Rule 9, which governs attorney discipline. Rule 9, as revised, applies prospectively to matters "filed with or initiated before the Board of Professional Responsibility" on or after January 1, 2014.[1] The primary issue here involves which version of Rule 9 applies to the assessment of costs in a disciplinary case initiated in 2013 resulting in a suspension from which the attorney was reinstated in 2018. This issue has arisen because the procedure for assessing costs depends on which version of Rule 9 applies.[2] Pre-2014 Rule 9, section 24.3 applies to the assessment of costs from a disciplinary case filed or initiated before January 1, 2014, while 2014 Rule 9, section 31.3 governs the procedure for assessing costs in cases filed or initiated on or after January 1, 2014.

In October 2013, the Board initiated disciplinary proceedings against Memphis attorney Larry E. Parrish after three appellate judges reported that Mr. Parrish had made pejorative statements about them in motions he filed in the Tennessee Court of Appeals. *Bd. of Pro. Resp. v. Parrish*, 556 S.W.3d 153, 156, 162 n.7 (Tenn. 2018). The Board later filed formal charges against Mr. Parrish. *Id.* at 160. A hearing panel found that Mr. Parrish was guilty of misconduct and should be sanctioned with a public censure. *Id.* at 161. The Shelby County Circuit Court affirmed the finding of misconduct, but determined that a six-month suspension, with one month on active suspension, was the appropriate sanction. *Id.* at 161–62. In 2018, this Court affirmed the judgment of the circuit court. *Id.* at 170.

On September 21, 2018, Mr. Parrish petitioned for reinstatement, stating under oath he would "pay, when a statement of the amount is delivered and justified by [the] Board of Professional Responsibility, all outstanding costs owed to the Board of Professional

---

[1] *See* Order Adopting Revised Rules Governing Disciplinary Enforcement with Respect to Attorneys, In re Adoption of Amended Tenn. Sup. Ct. R. 9, Nos. M2012-01648-SC-RL2-RL, M2009-02505-SC-RL2-RL (Tenn. Aug. 30, 2013).

[2] We refer to Rule 9 in effect before January 1, 2014, as "pre-2014 Rule 9" and the revised Rule 9 in effect on or after January 1, 2014, as "2014 Rule 9."

Responsibility by respondent for prior disciplinary proceedings." On October 1, 2018, the Board assessed costs under pre-2014 Rule 9, section 24.3 for the 2013 disciplinary proceeding and billed Mr. Parrish $10,305.06 in costs.[3]

Soon after receiving the cost bill, Mr. Parrish emailed the Board, challenging the Board's authority to assess costs under pre-2014 Rule 9, section 24.3. In response, the Board's Disciplinary Counsel informed Mr. Parrish:

> Simply put, this office cannot send a reinstatement order to the Court until you have either paid the costs or entered into a payment plan as I previously told you. You can petition the Board for relief from costs as provided in Section 24.3 (pre-2014). Finally, if you insist on not paying the costs, and do not [p]etition the Board for relief, Section 30.4(c) (2014) requires that I file an answer raising the failure to pay costs as an objection and the petition for reinstatement will be converted to a section 30.4(d) petition.

> I would like to get this resolved so that I can send an order of reinstatement to the Court promptly. Let me know what you want to do.

Mr. Parrish emailed Disciplinary Counsel, "I have no intention of not paying what is owed. I would like to set up a payment plan. *I will abide by the terms of the payment plan.* I want to pay tomorrow; so, I need to be in contact with who I need to be in contact with." (Emphasis added). Later in the email reply, Mr. Parrish stated, "Whether I choose to make an issue by contesting is a decision I will make later depending on many factors, mostly related to time availability." Disciplinary Counsel responded, "I understand," and provided Mr. Parrish with contact information so he could arrange for a payment plan.

On October 3, 2018, Mr. Parrish agreed to a payment plan of $500 per month. The next day, the Board acknowledged receipt of Mr. Parrish's first $500 payment. The Board, based on the agreed payment plan, filed a notice of submission advising this Court that Mr. Parrish had satisfied the conditions of the order of discipline and was eligible for reinstatement. On October 5, 2018, this Court reinstated Mr. Parrish to the practice of law, effective October 7, 2018.

Less than a month later, Mr. Parrish filed a "Petition to Revoke Imposition of Costs." Mr. Parrish neither disputed the amount of costs nor alleged an inability to pay.

---

[3] Under pre-2014 Rule 9, section 24.3, for disciplinary cases initiated on or after January 27, 1992, the assessed hourly charges for Disciplinary Counsel were $30 for investigative time before formal charges were filed and $80 for handling formal proceedings.

Instead, Mr. Parrish argued the Board had "failed to comply with the controlling rules prerequisite to issuance of a bill of cost." A hearing panel was appointed to hear the petition, and the Board moved for summary judgment.

The hearing panel granted the Board's motion for summary judgment, ruling the Board had properly assessed costs under pre-2014 Rule 9, section 24.3 for Mr. Parrish's 2013 disciplinary proceeding. Mr. Parrish appealed to this Court under pre-2014 Rule 9, section 24.3, which provides for a direct appeal of the Board's decision on an assessment of costs.[4]

## II.

Regulating the practice of law in Tennessee is an inherent duty of this Court. *Walwyn v. Bd. of Pro. Resp.*, 481 S.W.3d 151, 162 (Tenn. 2015) (citing *Bd. of Pro. Resp. v. Cowan*, 388 S.W.3d 264, 267 (Tenn. 2012)). Thus, we review the decision of a hearing panel under our "inherent power and essential and fundamental right to administer the rules pertaining to the licensing of attorneys." *Cody v. Bd. of Pro. Resp.*, 471 S.W.3d 420, 424 (Tenn. 2015) (quoting *Skouteris v. Bd. of Pro. Resp.*, 430 S.W.3d 359, 362 (Tenn. 2014)). This appeal involves only questions of law, so we review the hearing panel's findings de novo with no presumption of correctness. *Dunlap v. Bd. of Pro. Resp.*, 595 S.W.3d 593, 606–07 (Tenn. 2020) (citing *Napolitano v. Bd. of Pro. Resp.*, 535 S.W.3d 481, 496 (Tenn. 2017)); *Walwyn*, 481 S.W.3d at 163.

Mr. Parrish challenges the assessment of costs from the 2013 proceeding and raises two issues on appeal:

1)  Whether 2014 Rule 9, section 30.4 governs an attorney's 2018 reinstatement to the practice of law following a thirty-day active suspension.

2)  Whether 2014 Rule 9, section 31.3 governs an assessment of costs arising from a disciplinary case initiated in 2013.

*Reinstatement*

Although Mr. Parrish asks this Court to rule on whether 2014 Rule 9, section 30.4 governs his reinstatement, there is no dispute about this issue. 2014 Rule 9, section 30.4 applies to attorney reinstatements on or after January 1, 2014, no matter when the

---

[4] Under pre-2014 Rule 9, section 24.3, we consider the Board's order on an attorney's petition for relief from costs assessed against him the same as a circuit or chancery court decree, and the order is appealable to this Court. Tenn. Sup. Ct. R. 9, § 24.3 (2006) (amended 2014).

attorney's suspension occurred—"[r]einstatement other than [from administrative suspension or inactive status] shall be pursuant to this Section, *regardless of when or under what procedure the suspension or disbarment occurred.*" Tenn. Sup. Ct. R. 9, § 30.4(a) (emphasis added).

*Assessment of Costs*

Mr. Parrish argues the Board erred by assessing him with costs from his 2013 disciplinary proceeding under pre-2014 Rule 9, section 24.3. Mr. Parrish urges this Court to hold the Board is not entitled to costs because the Board failed to follow the assessment procedure in 2014 Rule 9, section 31.3.

Under pre-2014 Rule 9, section 24.3, the Board assesses the costs from a disciplinary proceeding and serves the cost bill on the attorney after entry of a judgment of discipline. *See* Tenn. Sup. Ct. R. 9, § 24.3 (2006) (amended 2014). The attorney may then petition the Board for relief from the costs within thirty days of receiving the bill or at the end of the disciplinary proceeding, whichever occurs last. *Id.* The attorney may appear before the Board, after which the Board or hearing panel files its decision. *Id.*[5]

---

[5] **Reimbursement of Costs.** In the event that a judgment of . . . suspension . . . results from formal proceedings, the Board shall assess against the respondent the costs of the proceedings, including court reporter's expenses for appearances and transcription of all hearings and depositions, the expenses of the hearing panel in the hearing of the cause, and the hourly charge of Disciplinary Counsel in investigating and prosecuting the matter.

The respondent attorney may petition the Board for relief from costs within thirty days of receipt of the final bill of costs or on the termination of any action upon which the disciplinary proceeding was based, whichever occurs last. In seeking relief, the respondent attorney shall have the opportunity to appear and be heard before the Board or a duly constituted panel thereof. . . .

. . . .

Payment of the costs assessed by the Board pursuant to this rule shall be required as a condition precedent to reinstatement of the respondent attorney.

Tenn. Sup. Ct. R. 9, § 24.3 (2006) (amended 2014).

On January 1, 2014, the procedure for assessing costs changed when 2014 Rule 9, section 31.3 replaced pre-2014 Rule 9, section 24.3. Under section 31.3, the Board's Disciplinary Counsel must apply for its costs with the appropriate tribunal (the hearing panel, the trial court, or this Court) within fifteen days of the tribunal's decision. *See* Tenn. Sup. Ct. R. 9, § 31.3(a)–(c). The application must document the hours spent by Disciplinary Counsel and the costs incurred. *Id.* The attorney may respond within fifteen days and must prove the costs were unnecessary or unreasonable. *Id.* The tribunal then issues its judgment on the application for assessment of costs. *Id.*[6]

This Court's Order promulgating 2014 Rule 9 and our later rulings guide our analysis of which version of Rule 9 applies. In our Order, we directed that 2014 Rule 9 would "have prospective application only." *See* Order Adopting Revised Rules Governing Disciplinary Enforcement with Respect to Attorneys, *supra* note 1, at 2 ("The revised Tenn. Sup. Ct. R. 9 shall take effect on January 1, 2014, and shall have prospective application only, applying to all matters filed with or initiated before the Board of Professional Responsibility on or after that date."). This means that 2014 Rule 9 would not be applied retroactively to disciplinary cases filed or initiated before January 1, 2014.

---

[6] **31.3. Reimbursement of Costs.**

(a) In the event that a judgment of . . . suspension . . . results from formal proceedings, Disciplinary Counsel shall within fifteen days from the hearing panel's submission of such judgment . . . make application to the hearing panel for the assessment against the . . . [attorney] of the necessary and reasonable costs of the proceedings . . . . The application shall be accompanied by an affidavit or declaration under penalty of perjury and such other documentary evidence as Disciplinary Counsel deems appropriate documenting the hours expended and the costs incurred by Disciplinary Counsel in investigating and prosecuting the complaint or responding to the petition for reinstatement. Such proof shall create a rebuttable presumption as to the necessity and reasonableness of the hours expended and the costs incurred. The [attorney] may within fifteen days after Disciplinary Counsel's application submit to the hearing panel and serve on Disciplinary Counsel . . . any response in opposition to the application for an assessment of costs. The burden shall be upon [the attorney] to prove by a preponderance of the evidence that the hours expended or costs incurred by Disciplinary Counsel were unnecessary or unreasonable. Disciplinary Counsel or the [attorney] may request a hearing before the hearing panel . . . . The hearing panel shall within fifteen days from the conclusion of such hearing, or in the event no hearing is requested, within fifteen days from the date on which the [attorney's] response is due or is submitted, whichever is earlier, submit to the Board its findings and judgment with respect to Disciplinary Counsel's application for the assessment of costs.

Tenn. Sup. Ct. R. 9, § 31.3(a); *see also* Tenn. Sup. Ct. R. 9, §§ 31.3(b)–(c) (setting forth the procedure for assessing costs in disciplinary matters appealed to the circuit or chancery court and to this Court).

We have consistently held that 2014 Rule 9 applies only to disciplinary cases filed or initiated on or after January 1, 2014. *See, e.g.*, *Bd. of Pro. Resp. v. Justice*, 577 S.W.3d 908, 913 n.3 (Tenn. 2019) ("This Court revised Tennessee Supreme Court Rule 9 effective January 1, 2014. This disciplinary proceeding, however, was initiated prior to January 1, 2014, and it is therefore governed by the prior version of the rule."); *Garland v. Bd. of Pro. Resp.*, 536 S.W.3d 811, 816 (Tenn. 2017) ("Effective January 1, 2014, this Court adopted substantial changes to Tennessee Supreme Court Rule 9, which governs disciplinary proceedings. *See* Tenn. Sup. Ct. R. 9. Cases initiated before the effective date are governed by the pre-2014 version of Rule 9." (citing *Cody*, 471 S.W.3d at 424 n.9)); *Bd. of Pro. Resp. v. Reguli*, 489 S.W.3d 408, 412 n.1 (Tenn. 2015) ("Because this case was initiated before January 1, 2014, it is governed by the pre-2014 version of Tennessee Supreme Court Rule 9."); *Bd. of Pro. Resp. v. Barry*, 545 S.W.3d 408, 418 n.14 (Tenn. 2018) ("The hearing panel applied the 2006 version of Tennessee Supreme Court Rule 9 because the matter was initiated before January 1, 2014, when comprehensive changes to Rule 9 became effective."); *Hornbeck v. Bd. of Pro. Resp.*, 545 S.W.3d 386, 392 n.12 (Tenn. 2018) (same); *Bailey v. Bd. of Pro. Resp.*, 441 S.W.3d 223, 231 n.13 (Tenn. 2014) (same); *Mabry v. Bd. of Pro. Resp.*, 458 S.W.3d 900, 902 n.1 (Tenn. 2014) (same); *Walwyn*, 481 S.W.3d at 153 n.1 (same). In 2018, this Court applied pre-2014 Rule 9 in reviewing Mr. Parrish's disciplinary case. *Parrish*, 556 S.W.3d at 162 n.7 (citing *Garland*, 536 S.W.3d at 816).[7] Mr. Parrish did not challenge the application of pre-2014 Rule 9 in that proceeding.

Thus, based on the clearly stated intent in our Order adopting revised Rule 9, 2014 Rule 9 applies to cases filed or initiated on or after January 1, 2014, and pre-2014 Rule 9 applies to cases filed or initiated before January 1, 2014. Thus, in assessing costs, the operative date is when the case was filed or initiated—not when this Court granted reinstatement. Therefore, we hold that the Board properly assessed costs arising from the disciplinary case initiated against Mr. Parrish in 2013 under pre-2014 Rule 9, section 24.3.

Mr. Parrish asserts several arguments for his position that the Board should have assessed costs under 2014 Rule 9, section 31.3. First, Mr. Parrish asserts that 2014 Rule 9, section 31.3 governs the Board's assessment of costs against him because 2014 Rule 9, section 30.4 applied to his reinstatement. Under Mr. Parrish's argument, the assessment and payment of costs is part of the reinstatement procedure and not the disciplinary

_____

[7] Although the Board filed its formal petition for discipline against Mr. Parrish in November 2014, the disciplinary proceedings against Mr. Parrish began when the motions containing his pejorative statements were submitted to the Board in October 2013. *Cf. Garland*, 536 S.W.3d at 814–15 (applying pre-2014 Rule 9 when the Board filed its formal petition for discipline in June 2014 based on a complaint made to the Board in June 2013); *Barry*, 545 S.W.3d at 416–17 (applying pre-2014 Rule 9 when the Board filed its formal petition for discipline in June 2014 based on a complaint made to the Board in May 2013).

proceeding. However, under 2014 Rule 9, section 30.4, an attorney seeking reinstatement has to show he has already paid the costs assessed against him. Payment of costs is not part of the reinstatement procedure, but a condition precedent to beginning the reinstatement procedure.[8] Mr. Parrish also contends that because he has already been disciplined, the cost assessment relates to reinstatement and not to the disciplinary matter. This logic is flawed. As we have recognized, the "disciplinary process is a costly endeavor," and "[s]hifting the financial burden . . . to those directly responsible for the costs" is both fair and effective in deterring misconduct. *Moncier v. Bd. of Pro. Resp.*, 406 S.W.3d 139, 150 (Tenn. 2013). As part of the disciplinary process, the cost assessment in a case initiated before January 1, 2014, is governed by pre-2014 Rule 9.

Second, Mr. Parrish claims that payment of the Board's assessed costs cannot be a condition of his reinstatement because this Court's 2018 order imposing discipline did not require it. He bases this argument on language in 2014 Rule 9, section 30.4 stating that in a petition for reinstatement, the attorney must show that he "has satisfied all conditions set forth in the order imposing discipline, including the payment of costs incurred by the Board in the prosecution of the preceding disciplinary proceeding and any court costs assessed against the attorney in any appeal from such proceeding." Tenn. Sup. Ct. R. 9, § 30.4. However, this language does not indicate that the order imposing discipline must include an assessment of the Board's costs. Mr. Parrish's interpretation conflicts with sections 31.3(a)–(c) of 2014 Rule 9, which provide that disciplinary counsel for the Board must apply for assessment of costs within fifteen days *after* entry of the judgment imposing discipline. *See* Tenn. Sup. Ct. R. 9, §§ 31.3(a)–(c). Besides creating a conflict within the rules, Mr. Parrish's reading of section 30.4 contradicts the principle that payment of the Board's fees, whether assessed by the Board under pre-2014 Rule 9 or by the tribunal under 2014 Rule 9, is a condition precedent to petitioning for reinstatement.

---

[8] Under 2014 Rule 9, section 30.4, an attorney seeking reinstatement:

shall file with the Board and serve upon Disciplinary Counsel promptly *a petition for reinstatement* of the attorney's license to practice law *demonstrating* that the petitioning attorney has the moral qualifications, competency and learning in law required for admission to practice law in this state, that the resumption of the practice of law within the state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive to the public interest, and *that the petitioning attorney has satisfied all conditions set forth in the order imposing discipline, including the payment of costs incurred by the Board in the prosecution of the preceding disciplinary proceeding* and any court costs assessed against the attorney in any appeal from such proceeding.

Tenn. Sup. Ct. R. 9, § 30.4(c) (emphasis added).

Third, Mr. Parrish argues that the 2014 Rule 9 reinstatement procedure requires the use of the 2014 Rule 9 cost-assessment procedure because sections 30.4 and 31.3 of 2014 Rule 9 fit hand-in-glove. Mr. Parrish fails to explain why 2014 Rule 9, section 31.3 would govern the assessment of costs in cases initiated before January 1, 2014, without any language in section 31.3 making it apply *"regardless of when or under what procedure the suspension or disbarment occurred"* as in section 30.4. He speculates that because neither assessing costs nor reinstatement is punitive in nature, there is no barrier to applying revisions to both of those rules retroactively. Mr. Parrish's conclusion, however, does not follow. What determines if the rule here applies retroactively is not whether the rule is punitive in nature, but the language of this Court's Order promulgating the rule and how we have interpreted the Order. Mr. Parrish cites no authority for his argument. There is none.

Finally, Mr. Parrish argues that pre-2014 Rule 9, section 24.3 "went out of existence on January 1, 2014," when 2014 Rule 9, section 31.3 went into effect. Mr. Parrish's argument has no merit. This Court's Order promulgating 2014 Rule 9 and disciplinary decisions since January 1, 2014, including the decision in Mr. Parrish's case, make clear that pre-2014 Rule 9 applies to disciplinary matters initiated before January 1, 2014. The reinstatement provisions in section 30.4 of 2014 Rule 9 apply retroactively because the rule requires it ("Reinstatement . . . shall be pursuant to this Section, regardless of when or under what procedure the suspension or disbarment occurred."). 2014 Rule 9, section 31 (assessment of costs) does not contain language similar to that in 2014 Rule 9, section 30.4 (reinstatement) that would make 2014 Rule 9, section 31 apply retroactively to pre-2014 cases. If this Court had intended for section 31 of 2014 Rule 9 to apply to the assessment of costs in pre-2014 disciplinary proceedings, language to that effect would have been included. *Cf. Effler v. Purdue Pharma L.P.*, 614 S.W.3d 681, 689 (Tenn. 2020) (applying the principle of *expressio unius est exclusio alterius* to "infer that if the Legislature had intended to enact a certain provision missing from the statute, then the Legislature would have included the provision" and that "the missing statutory provision is missing for a reason—the Legislature never meant to include it"). Lack of such language in section 31 of 2014 Rule 9 shows that this Court did not intend for section 31 to apply retroactively to the assessment of costs in cases initiated before January 1, 2014. Even though Mr. Parrish insists that 2014 Rule 9 applies to the assessment of costs, he followed pre-2014 Rule 9, section 24.3 when petitioning to revoke the Board's bill of costs and in appealing the hearing panel's decision directly to this Court. Mr. Parrish's past conduct conflicts with the position he takes here.

## CONCLUSION

After considering the record and all the issues raised by Mr. Parrish, we hold that the Board properly assessed the costs of Mr. Parrish's disciplinary proceeding under

pre-2014 Rule 9, section 24.3. Thus, we affirm the decision of the hearing panel and order Mr. Parrish to pay the costs owed to the Board within forty-five days of the filing of this opinion. Mr. Parrish's failure to do so may serve as a ground for revocation of his reinstatement to practice law. We tax the costs of this appeal to Larry E. Parrish, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE